WRIGHT, J.
to the jury. It being admitted before you, that the words were spoken, the plaintiff is entitled to your verdict, unless the defendant shall have proven to your satisfaction the justification set forth in his notice. The question raised by that justification is this, did the plaintiff before the speaking of the words, alter a note given by Williams to him for the payment of money, by inserting the words “with use and interest” with intent to defraud Williams ? The defendant is bound to prove the justification he has spread upon the record. The notice in this case only apprizes the plaintiff *that proof will be offered to establish the fact that he altered [685 the note by inserting the specific words, “with interest and use." The only testimony that these words were included in the alteration, that we recollect, was given by Williams, Hawly and' Burridge. They concur in saying the words inserted were either with interest or with use, neither of them pretend that both the words interest and lose were inserted. If you find the fact to be, that only one of these words was inserted to the exclusion of the other, or that in fact the alteration was that testified to by Turney and Hinds, w inst, the justification relied upon is not the true one, and fails. The party at his peril must disclose the true state of his case. He is held to a more strict compliance with this rule whenever he imputes crime to others, as in this case. The facts of the justification mainly depend on the credit due to Graham and Williams. As to Graham, many witnesses have testified — those who know the character of the man, his moral habits, are, by law, competent to give their opinion whether it is equal for truth to that of men in general, while those who know nothing but the witness’s reputation, or what is generally said of him, are not competent. The character of persons are known to those who are acquainted with them before it is known abroad — they have character before they have reputation. A man’s actions are his character — they speak louder than words. A man’s character must he true, his reputation may he most false. If I have raised a child, and his character, which has been subject to my scrutiny is bad, and I know him to be subject to no moral restraint, I can testify to his character; yet he may have no reputation abroad. I make these remarks to show you the difference between knowledge of character testified to by a witness, and reputation or the mere opinion of others, who are generally prejudiced and if present to testify would say so. As to Williams, his *710 credit is affected by the contradictory stories he has told upon the subject of his evidence. In reference to both, you should take into view all the circumstances. Is the story told by them probable in itself? Would a man'in the plaintiff’s situation be likely to do the act they relate for the trifling gain of two or three cents ? If he did so, would he be likely to take the subsequent steps which their evidence imputes to him? Are the witnesses deserving of credit on account of their character or moral habits? Are they corroborated by circumstances, or by other witnesses? Are they contradicted ? Have they told different stories about the matter? You must judge of their credit. If credit be yielded to them, and the conviction follows in your minds that the defendant is guilty of the forgery 686] *set up in the notice, you should find for the defendant. If you disbelieve these witnesses, or doubt whether the defence be made out, you should find for the plaintiff. Should the verdict be for the plaintiff, inasmuch as the defendant has attempted to establish the plaintiff’s guilt and failed, he is entitled to exemplary damages.
As to the point urged, that the plaintiff was a candidate for office, and the defendant an elector, I need only say, the relation of the parties to each other, or to the public, confers upon the defendant no right to utter falsehood and calumny. An elector may freely canvass the character and pretensions of officers and candidates, but he has no right to calumniate one who is a candidate for office with impunity. If the law sanctioned such a course, it would drive good men from the administration of public affairs and throw our government into the hands of the worthless and profligate. Ver'dict for the defendant.
A new trial was granted, and leave given to amend the notice.
[Impeaching witness, overruled; Bucklin v. State, 20 O. 18, 25; French v. Millard, 2 O. S. 44, 50.]